*In re* Application for Appointment of SUPERVISORS OF ELECTION for the Town of East St. Louis.[1]

(*Circuit Court, N. D. Illinois.* October 15, 1886.)

1. ELECTIONS—CONSTRUCTION OF FEDERAL STATUTE.
   Word "parish" in Rev. St. U. S. § 2011, governing the appointment of supervisors of elections by a circuit court, is synonymous with word "county."
2. SAME—APPOINTMENT OF SUPERVISORS.
   Petition under Rev. St. U. S. §§ 2011, 2012, for opening a circuit court for the appointment of supervisors of elections for part of a county or, parish, will be refused.

Petition for Appointment of Supervisors of Election.
*Frank B. Bowman,* for petitioners.

GRESHAM, J. The petitioners, more than 10 in number, represent in their petition that they are citizens of the town of East St. Louis, in the county of St. Clair, and state of Illinois; that at the general election to be held November 2, 1886, in that town and county, a representative in congress is to be voted for; that they desire to have the election, as well as the registration of the voters of the town of East St. Louis, guarded and scrutinized as provided for in title 26

[1] Edited by Russell H. Curtis, Esq., of the Chicago bar.

of the Revised Statutes of the United States; and that the town of East St. Louis is divided into nine election districts or voting precincts. The prayer is that the circuit court of the United States, within the proper district, be opened in accordance with the provisions of the statute, and that supervisors of the election be appointed for each of the nine voting precincts.

Section 2011 of the Revised Statutes provides that, whenever two citizens of a city or town having more than 20,000 inhabitants, or 10 citizens of a county or parish without reference to the number of inhabitants, may make known in writing to the judge of the circuit court of the United States for the circuit wherein such city or town, county or parish, is situated, their desire to have the registration of voters of an election for a delegate in congress, or the election of such representative, guarded and scrutinized, the judge shall open the circuit court at some convenient point in the circuit for the appointment of supervisors.

It will be observed that the petition is for the appointment of supervisors, not in and for the city or town—the municipality—of East St. Louis, or for the county of St. Clair, in which the municipality is situated, but for the town of East St. Louis, which is one of the civil subdivisions of the county of St. Clair. East St. Louis has less than 20,000 inhabitants, and it is not claimed that this petition is sufficient to authorize the circuit judge to open the circuit court for the appointment of supervisors for that municipality as a city or town within the meaning of the first clause of the section, but it is claimed that the word "parish," as it appears in the phrase, "in any county or parish," is used synonymously with the word "town" or "township,"—the designation of a civil subdivision of a county; and that, therefore, the court may be opened, upon the application of the proper number of citizens, for the appointment of supervisors for a single civil township or voting precinct in the county.

I do not think this construction is warranted. Congress provided that the circuit court might be opened for the appointment—*First*, in cities or towns—municipalities—containing more than 20,000 inhabitants on the application of two citizens of the city or town; and, *secondly*, for counties or parishes, without reference to the number of inhabitants therein, on the application of 10 citizens of the county or parish. The word "parish" as used in the act is synonymous with the word "county;" it being used no doubt because in Louisiana, for instance, parishes correspond to counties in other states.

When the counsel who appeared for the petitioners was informed that the petition was, perhaps, sufficient to authorize the opening of the circuit court for the appointment of supervisors in the various precincts of the county of St. Clair, the counsel said that was not the desire of the petitioners; and he insisted for them that the court, when opened on this petition, should be limited in its jurisdiction to the appointment of supervisors in the nine voting precincts of the town

of East St. Louis. An order that the circuit court be opened for the appointment of supervisors for the entire county was not asked for or desired.

Section 2012 provides what shall be done after the circuit court has been opened upon a proper petition. Supervisors are to be appointed for each voting precinct in the city or town mentioned in the petition, "or for such election district or voting precinct in the congressional district as may have applied in the manner hereinbefore prescribed." I do not think it can be fairly said, construing both sections together, that congress intended the circuit court should be opened solely for the purpose of appointing supervisors for a single election precinct or district in a county. When the court is opened upon a petition signed by the proper number of citizens of a county or parish, it is authorized to appoint supervisors for any or all the voting precincts in the county or parish.

For these reasons I decline to open the circuit court for the purpose prayed for.